UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wesley Mullins,  Civil No. 04-5050 (PAM/FLN)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Chris Salazar, Sgt. Hurd,
C.O. Gary, C.O. Valentine,
Ronald Ligions, Greg Smith, and
Lt. T. Putzier,

    Defendants.

_____

Pro Se Plaintiff.
Kari Jo Ferguson, Assistant Minnesota Attorney General, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction [#4; #7]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends Plaintiff's Motions be denied.

**I. FINDINGS OF FACT**

In December 2004, Plaintiff Wesley Mullins brought suit pursuant to 42 U.S.C. § 1983 against the Minnesota Department of Corrections ("DOC") and various DOC officials. See Complaint [#1]. He alleges that while in custody at the Minnesota Correctional Facilities in Stillwater, Rush City and Oak Park Heights, he was threatened by prison officials and fellow inmates. See id. p. 6; 8-12. He also includes vague allegations regarding instances in which he was allegedly deprived of a shower, hygiene materials, a clean cell or medical attention.

In January 2005, and again in February 2005, Plaintiff filed Motions for a Temporary Restraining Order and Preliminary Injunction.[1] See [#4; #7]. He alleges that in January 2004, while in the custody of the DOC, he fell and injured his left ankle. Plaintiff's Dec. [#8] at ¶ 3. He states that in December 2004, he was informed that he needed surgery and physical therapy to treat his ankle injury. Id. at ¶ 6. He alleges he was not provided with needed treatment during his incarceration. Id. at ¶ 7. He seeks the Court to order the DOC to "arrange for an examination and a plan of treatment by a qualified specialist," and carry out that plan. Id. at ¶ 9.

On April 19, 2005, Plaintiff's sentence expired and he was discharged from the Minnesota Correctional Facility at Oak Park Heights. As of that date, Plaintiff was no longer in the care or custody of the DOC. Kirch Aff. [#20] at ¶ 2.

## II. CONCLUSIONS OF LAW

Plaintiff's requests for injunctive relief are moot because there is no ongoing case or controversy before the Court. Federal courts are courts of limited jurisdiction and can only hear actual "cases or controversies" as defined under Article III of the Constitution. Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994). When a case no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it. Id. The case or controversy requirement applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief. Marine Equip. Management Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993).

Here, Plaintiff's motions for temporary restraining order or preliminary injunction are moot

---

[1] It appears that Plaintiff filed his second injunctive motion, which is identical to the first, after he was transferred to the Minnesota Correctional Facility in Oak Park Heights. See Pl. Motion [#7] p. 9 (requesting the clerk of court to file his Motions against Oak Park Heights and to "disregard the other TRO's as they are invalid").

because his sentence has expired and he has been discharged from the custody of the DOC.  See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (ordinarily claim "to improve prison conditions is moot if [plaintiff] is no longer subject to those conditions"); Randolph v. Rogers, 253 F.3d 342, 344-46 (8th Cir.2001) (dismissing prisoner's claims for injunctive relief against prison officials where the prisoner was no longer residing at the penal facility where those officials worked); Smith v. Hundley, 190 F.3d 852, 855 (8th Cir.1999) (holding same).  Plaintiff is no longer subject to the conditions he complains about in his Motions.  His requests for injunctive relief to abate those conditions are moot and are therefore barred.

### III.  RECOMMENDATION

Based upon the file, record and proceedings herein, it is **HEREBY RECOMMENDED** that Plaintiff's Motions for Temporary Restraining Order and Injunctive Relief [#4; #7] be **DENIED.**


DATED: July 13, 2005                              s/ *Franklin L. Noel*
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 1, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.